UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS J. QUINTAL, SR.,
        Plaintiff,

v().

                                  CIVIL ACTION NO.   16-12325-GAO

COMMONWEALTH OF MASSACHUSETTS
ATTORNEY GENERAL'S OFFICE,
        Defendant.

MEMORANDUM AND ORDER
December 12, 2016

O'TOOLE, D.J.

On November 14, 2016, plaintiff Dennis J. Quintal, Sr. ("Quintal"), a resident of Westport, Massachusetts, filed a one-sentence complaint purportedly asserting a claim against the Massachusetts Attorney General's Office pursuant to 42 U.S.C. § 1983. Beyond a summary and conclusory assertion that Quintal "has been held to answer for the same criminal offenses more than once in violation of the language of the Fifth Amendment of the United State[s] Constitution as well as the Constitution of Massachusetts," the complaint does not plead any factual basis for the claim.

Rule 8(a) of the Federal Rules of Civil Procedure establishes the following requirements for pleading a claim for relief:

> A pleading that states a claim for relief must contain:
>
> (1) A short and plain statement of the grounds for the court's jurisdiction . . . ;

  (2) A short and plain statement of the claim showing that the pleader is entitled to relief; and

  (3) A demand for the relief sought . . . .

  The existing complaint does not satisfy these requirements. Within 28 days of the entry of this order, the plaintiff shall file an amended complaint that complies with the directives of Rule 8. Failure to do so will result in a dismissal of the action without prejudice.

  Further, a party filing a civil complaint must pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a), or, in the alternative, file a motion for leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Accordingly, should Quintal wish to proceed with this action, he either must: (1) pay the $400.00 filing and administrative fees; or (2) move for leave to proceed without prepayment of the fees. Failure to comply with this directive within 28 days of the date of this order will result in the dismissal of this action without prejudice. If Quintal elects to seek *in forma pauperis* status, he must submit an affidavit that includes a statement of his income and assets. See 28 U.S.C. § 1915(a)(1). The Clerk shall provide plaintiff with the standard form application.

  It is SO ORDERED.

            /s/ George A. O'Toole, Jr.
            GEORGE A. O'TOOLE, JR.
            UNITED STATES DISTRICT JUDGE